UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMON MOORE,<br>    Petitioner,<br>    v.<br>L.E. SCRIBNER, Warden,<br>    Respondent. | NO. EDCV 08-1754-SVW (AGR)<br><br>ORDER TO SHOW CAUSE |

On December 2, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***January 5, 2009***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

According to the Petition, Petitioner was convicted of first degree murder, first degree burglary, and attempted robbery. (Petition at 2.) On April 7, 2005,

Petitioner was sentenced to state prison for 25 years to life. (*Id.*) The California Court of Appeal affirmed the judgment, in pertinent part, on August 18, 2006. (*Id.* at 2-3 & Exh. N.) Petitioner did not file a petition for review in the California Supreme Court. (*Id.* at 3.)

According to the Petition, Petitioner mailed a state habeas petition to San Bernardino County Superior Court on October 15, 2007, which was denied on October 31, 2007. (*Id.* at 3-4.) He mailed a state habeas petition to the California Court of Appeal on November 28, 2007, which was denied on December 10, 2007. (*Id.* at 4.) He mailed a state habeas petition to the California Supreme Court, which was denied on November 12, 2008. (*Id.* at 4-5.)

On November 18, 2008, Petitioner signed and mailed the Petition filed in this Court. (*Id.* at 27 & Proof of Service.) Petitioner raises five grounds. (Petition at 5-6 & attached pages.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.** **The Date on Which Conviction Became Final**

The Court of Appeal affirmed the judgment on August 18, 2006. (Exh. N to Petition.) Because Petitioner did not file a petition for review with the California Supreme Court, Petitioner's conviction became final 40 days later on September

27, 2006. *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) (citing to California Rules of Court 24(b)(1) and 28(e)(1), since renumbered as Rules 8.264 and 8.500 respectively), *revised for other reasons*, 447 F.3d 1165 (2006), *cert. denied*, 127 S. Ct. 979 (2007).

Absent tolling, the statute of limitations expired one year later on September 27, 2007, pursuant to 28 U.S.C. § 2244(d)(1)(A). Thus, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner states that he mailed his first state habeas petition on October 15, 2007, eighteen days after the statute of limitations expired. (Petition at 3-4.) A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir.), *cert. denied*, 129 S. Ct. 397 (2008). On the other hand, "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Id.*

The Petition does not provide any basis for equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

Grounds Two, Three and Four of the Petition are based on ineffective assistance of counsel. (Petition at 5, 6 & attached pages.)

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3. Here, Petitioner's claims in Grounds Two, Three and Four are based entirely on facts that Petitioner knew, or through diligence could have discovered, on or before his conviction became final on September 27, 2006. Because there is no basis for statutory or equitable tolling as discussed above, the Petition is barred by the statute of limitations.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **January 5, 2009**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his petition is not barred by the statute of limitations.

///
///
///

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.*

DATED: December 4, 2008

                                        ALICIA G. ROSENBERG
                                        United States Magistrate Judge