UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMON MOORE,<br><br>    Petitioner,<br><br>    v.<br><br>L.E. SCRIBNER, Warden,<br><br>    Respondent. | NO. EDCV 08-1754-SVW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In Ground Two, Petitioner alleged his trial counsel was ineffective for failing to move to suppress his confession because Petitioner was arrested without a warrant. (Petition at 10-12.) Petitioner argues his subsequent confession was inadmissible because it was "obtained by exploitation of an illegal arrest." (Reply at 14-15.)

Petitioner was arrested at his mother's and brother's (Joe Moore's) home. (Report at 35.) The Report assumed Petitioner was arrested without a warrant. (*Id.* at 32 n.18.) According to the police, Joe Moore invited them into the house where they found Petitioner. (*Id.* at 35.) The Report found the police had probable cause to arrest petitioner and, therefore, Petitioner's counsel could not have been deficient for not making a meritless motion to suppress Petitioner's confession. (*Id.* at 36.)[1]

Petitioner argues that a declaration signed by his brother on September 26, 2007, three and a half years after Petitioner was convicted, contradicts the police report of what happened. (Objections at 3.) According to Joe Moore, he never gave permission for the police to enter the house. (Petition, Ex. A.)

Even assuming the police lacked consent, as long as the police had probable cause to arrest Petitioner, his subsequent confession would not be excluded. *See New York v. Harris*, 495 U.S. 14, 19, 110 S. Ct. 1640, 109 L. Ed. 2d 13 (1990). In *Harris*, the police went to Harris' apartment and knocked on the door. *Id.* at 15. Harris let them in. *Id.* Inside the house, Harris waived his rights and confessed to the crime. *Id.* at 16. Harris was arrested, taken to the police station, again informed of his rights, and signed a confession. *Id.* The issue was whether the statement signed by Harris at the police station violated his Fourth Amendment rights. *Id.* (citing *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1981), "which held that the Fourth Amendment prohibits the police from effecting a warrantless and nonconsensual search into a

---

[1] Petitioner argues the police required exigent circumstances to enter his mother's and brother's home. (Objections at 2.) Assuming the police had permission to enter the home, Petitioner is incorrect. *See Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S. Ct. 2793, 111 L. Ed. 2d 148 (1990) ("The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. The prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched or from a third party who possesses common authority over the premises." (internal citations omitted).

2

suspect's home in order to make a routine felony arrest."). The *Harris* court accepted the lower court's finding that "Harris did not consent to the police officers' entry into his home" and its conclusion that the police had probable cause to arrest him. *Id.* at 17. The court held that the exclusionary rule did not apply "in this context because the rule in *Payton* was designed to protect the physical integrity of the home; it was not intended to grant criminal suspects, like Harris, protection for statements made outside their premises where the police have probable cause to arrest the suspect for committing a crime." *Id.*; *see also United States v. Crawford*, 372 F.3d 1048, 1056 (9th Cir. 2004) ("After *Harris*, the presence of probable cause to arrest has proved dispositive when deciding whether the exclusionary rule applies to evidence or statements obtained after the defendant is placed in custody.").

Accordingly, Petitioner's objection is overruled. Petitioner's remaining objections are without merits.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: September 21, 2012

STEPHEN V. WILSON
United States District Judge